McCLENDON, J.,
dissenting in part.
Regardless of whether there is an earlier agreement between the parties, at the very least, a consent judgment reflecting the signature of counsel for both parties was filed into the record on November 26, 2014. In the consent judgment, the parties, through their agents, specifically state that “the parties hereby and herein consent and stipulate as to judgment.”- The *173 judgment further provided that Hanson shall pay Mr. Taylor “a penalty in the amount of $7,000.00, ... an attorney fee in the amount of $7,000.00, ... [and] .the outstanding balances to the Springfield Healthmart for invoice dated 11/03/2014.” Because the compromise was reduced to writing and signed by both agents, I find it to be an enforceable settlement agreement. See LSA-C.C, art. 3072 and Trahan v. Coca Cola Bottling Company United, Inc., 04-0100 (La.3/2/05), 894 So.2d 1096, 1104. Accordingly, because the December 26, 2014 payment was made within 30 days of the agreement, it was timely. However, the latter two payments made on December 29 and 30, 2014, were not paid within thirty days of the agreement. Because these latter' two payméñts were not timely, Hanson is liable to Mr. Taylor for penalties and attorney’s fees as to these amounts under LSA-R.S. 23:1201(G).